## Case No. 10,052.

### NATIONAL STATE BANK v. PIERCE.

[18 Alb. Law J. 16; 5 Reporter, 682; 5 Wkly. Notes Cas. 344; [1] 2 Nat. Bank Cas. (Browne) 177; 24 Int. Rev. Rec. 212; 25 Pittsb. Leg. J. 177.]

Circuit Court, E. D. Pennsylvania. April 23, 1878.

BANKS AND BANKING—TAXATION OF NATIONAL BANKS.

A national bank located in New Jersey for the convenience of persons in Philadelphia, kept a clerk in that city who received deposits. *Held*, that the bank did not become located in Philadelphia so as to be liable to taxation.

Bill to procure an injunction to restrain the bank assessors of the state of Pennsylvania from returning an assessment upon the capital stock to the auditor-general of the state and to have the assessment declared illegal. It appeared from the bill set forth that the plaintiff was a national bank engaged in business in New Jersey; that for the convenience of persons in Philadelphia desiring to deposit money therein, it kept a clerk in an office in that city, to receive deposits and to deliver them to the bank in Camden, N. J., at the close of each day; that the defendants, who were the bank assessors of the state of Pennsylvania, had

---

[1] [5 Wkly. Notes Cas. 344, contains only a partial report.]

served on the plaintiff a notice of an assessment of a tax upon the entire capital stock of the bank; that said assessment, which was made under acts of the assembly of Pennsylvania of April 12, 1867, April 2, 1868, and December 22, 1869, was contrary to law and void; that the plaintiff had taken an appeal from the assessment in due time, but the assessors refused to vacate or alter the assessment. [An injunction was prayed restraining the assessors from returning the assessment to the auditor general of Pennsylvania, and a decree that the assessment was illegal and contrary to law. The answer admitted the facts of the bill so far as within the defendant's knowledge, but claimed that the tax was properly assessed.] [2]

John Goforth (with him, C. S. Carson), for plaintiff.

S. G. Thompson, for defendants. The simple question is, is this a bank located in Pennsylvania? A bank may be either of discount or deposit. If it performs the function of either in a place, it becomes located there. If it does business in two places, it must be taxed in both.

CADWALADER, District Judge. It is a criminal offense to carry on banking business in the way suggested in Pennsylvania without a license obtained in a particular manner, but that does not make the offender a bank located in Pennsylvania. This is not an assessment upon a stockholder as such, but upon the bank.

McKENNAN, Circuit Judge (CADWALADER, District Judge, concurring). We have decided, after full discussion, that even when a corporation carries on business in a state, it does not thereby become an inhabitant of it, and we cannot go farther and say that by similar conduct a corporation becomes located therein.

Injunction granted.

NATIONAL STEAM-GAUGE CO. (FARLEY v.). See Case No. 4,648.

NATIONAL STEAM-NAV. CO. (DYER v.). See Case No. 4,225.

NATIONAL STEAMSHIP CO. (DYER v.). See Case No. 4,226.

NATIONAL STEAMSHIP CO. (GRAY v.). See Case No. 5,726.

NATIONAL STEAMSHIP CO. (NELSON v.). See Case No. 10,112.